# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| SHELDON FINKELSTEIN, * | |
| * | No. 19-212V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | Filed: July 1, 2022 |
| * | |
| SECRETARY OF HEALTH * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |

* * * * * * * * * * * * * * * * * * * *

Jessica E. Choper, Britcher Leone, L.L.C., Glen Rock, NJ, for Petitioner;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Sheldon Finkelstein's motion for final attorneys' fees and costs. He is awarded **$78,977.45**.

\*   \*   \*

On February 6, 2019, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Petitioner alleged that influenza vaccine he received on November 13, 2017, which is contained in the Vaccine Injury Table, 42 C.F.R. §100.3(a), caused him to suffer transverse myelitis. On February 17, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2021 WL 1152007.

On June 14, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $70,452.50 and attorneys' costs of $12,510.07 for a total request of $82,962.57. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Fees App. Ex. 3. On June 14, 2021 respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*     \*     \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests that his attorney, Ms. Jessica Choper, be compensated at $400.00 per hour for all work performed in this case, from 2018-2021. These rates are consistent with what the undersigned has previously awarded Ms. Choper for her Vaccine Program work and they are reasonable for work performed in the instant case as well. See Newcomb v. Sec'y of Health & Human Servs., No. 18-1393V, 2021 WL 2947439, at *2 (Fed. Cl. Spec. Mstr. Jun. 11, 2021).

### B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds that a small overall reduction is necessary to the billed hours. It appears that Ms. Choper and her paralegal view 0.2 hours as the minimum amount of time to complete any task, no matter how routine. In the undersigned's experience, it would not take a minimum of twelve minutes to perform all the tasks that were billed for, such as reviewing routine scheduling orders and all correspondence with the client, Court, expert, and opposing counsel. Another minor issue is the paralegal billed time on non-compensable administrative tasks, such as filing documents. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and

granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016).

Therefore, in order to achieve "rough justice" the undersigned shall reduce the total billed hours by five percent, resulting in a reduction of $3,522.62. Petitioner is therefore awarded final attorneys' fees of $66,929.88.

    C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $12,510.07 in attorneys' costs, comprised of acquiring medical records, postage, the Court's filing fee, work performed by a medical expert, Dr. Andrew Tarulli, and costs associated with mediation.

Dr. Tarulli's records indicate that he billed 9.5 hours at $500.00 per hour for his work in this case (plus $41.50 for acquiring medical literature). The hours billed by Dr. Tarulli are reasonable upon review, but his proposed hourly rate requires further discussion. Dr. Tarulli is a board-certified neurologist who personally treated petitioner for his transverse myelitis. He also serves as a clinical associate professor of neurology and has published numerous articles and chapters in medical textbooks on various neurological issues. See Exhibit 14 (Dr. Tarulli's CV).

There is no doubt that Dr. Tarulli's expert reports and overall familiarity with petitioner's condition played a vital role in helping petitioner eventually reach a favorable outcome via stipulation. However, it does not appear that Dr. Tarulli has any prior demonstrated Vaccine Program experience. Although several neurologists have previously been awarded $500.00 per hour, such a rate is typically reserved for experts who not only possess top of the line credentials, but also have extensive Vaccine Program experience. See, e.g., Abbott v. Sec'y of Health & Human Servs., No. 14-907V, 2020 WL 8766524 (Fed. Cl. Spec. Mstr. Dec. 4, 2020) (undersigned discussing the hourly rates of neurologists in the Vaccine Program). Petitioner has also offered no separate justification for Dr. Tarulli being awarded an hourly rate of $500.00 per hour. See Guidelines, Section X. Chapter 2.D. ("The application for payment of experts' fees and costs must contain the same supporting documentation that is required for attorneys' fees and costs.").

4

Accordingly, based upon his credentials and the quality of his work product submitted to the record, a reasonable hourly rate for his work is $450.00 per hour. A reasonable amount for Dr. Tarulli's work in this case is therefore $4,204.00.

The remainder of the requested costs are for acquisition of medical records and shall be fully reimbursed. Petitioner is therefore awarded final attorneys' costs of $12,047.57.

### E. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$78,977.45** (representing $66,929.88 in attorneys' fees and $12,047.57 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Jessica Choper.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.